NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

NICOLAS LOUIS SMOTEK, *Petitioner/Appellee*,

*v.*

JESSICA MARIE MARTIN, *Respondent/Appellant*.

No. 1 CA-CV 25-0834 FC

FILED 07-16-2026

Appeal from the Superior Court in Coconino County
No. S0300DO202100400
The Honorable Elaine Fridlund-Horne, Judge *Retired*

**AFFIRMED**

COUNSEL

Aspey Watkins & Diesel, PLLC, Flagstaff
By Isabel M. Humphrey
*Counsel for Petitioner/Appellee*

Woodnick Law, PLLC, Phoenix
By Markus Risinger
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Judge Angela K. Paton joined.

---

**P E R K I N S**, Judge:

¶1　　　　Following the conclusion of a dissolution proceeding between Jessica Martin ("Wife") and Nicolas Smotek ("Husband"), Wife appeals from superior court orders denying her spousal maintenance and awarding her attorney fees. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2　　　　Husband and Wife married in 2008 while both were employed at Deckers Outdoor Corporation ("Deckers"). Husband worked in graphic design, and Wife worked in data entry. In 2010, they had their first of three children. While Wife was on maternity leave, Deckers eliminated her position. The couple decided that Wife would stay home with the children because daycare "would cost almost as much" as she was earning at the time. Wife also managed their Airbnb and residential rental properties. When the children were no longer infants, Husband encouraged Wife to finish her bachelor's degree and re-enter the workforce, but Wife preferred to remain at home.

¶3　　　　In 2021, Husband petitioned for dissolution of marriage when he was 44 years old and Wife was 38 years old. The parties stipulated to several matters through Rule 69 agreements, including joint legal decision-making and equal parenting time. The court held a two-day dissolution trial in February 2025 to resolve the remaining issues. At the time of trial, Wife was working as an administrative assistant with a gross monthly income of $6,500. And Husband was working as an executive at Decker with a gross monthly income of $42,680. The court ordered Husband to pay Wife $2,288 in monthly child support and to cover 87% of the children's medical and dental expenses.

¶4　　　　The court divided the marital property equally between the parties, with Wife receiving cash, stocks, and a 401(k) retirement account containing $325,679.00. Husband testified that Wife's portion of the marital property was worth slightly over $1.5 million. He testified that Wife's

portion of the assets could generate $60,000 to $150,000 annually, without depleting the principal. Wife only disputed the $1.5 million valuation on grounds that it did not factor in capital gains taxes. The court found that "Wife will receive roughly $1.5 million in assets."

**¶5**         Wife asserted that her reasonable living expenses were $14,720.73 per month. Husband testified that before they separated, the whole family used to live off Husband's base monthly income alone of around $7,600, which does not include the stock options and bonuses he received.

**¶6**         In determining whether to award Wife spousal maintenance under Arizona Revised Statutes Section 25-319, the court noted that it would apply the version of the statute in effect before the 2022 amendments because the matter had been filed before the amendments went into effect. In the next sentence, however, the court changed course, stating that it "is applying the current standard" and quoted the post-2022 version of Section 25-319(B) for the proposition that it "may award Spousal Maintenance . . . only for a period of time and in an amount necessary to enable the receiving Spouse to become self-sufficient." The court then analyzed Wife's eligibility under the post-2022 version of the Section 25-319(A) circumstances. The court concluded that none of the circumstances were present and thus Wife was not eligible for spousal maintenance. Because the court found Wife ineligible, it did not go on to determine Wife's entitlement to spousal maintenance under Section 25-319(B).

**¶7**         Finally, in deciding whether to award attorney fees, the court stated that it "considered the reasonableness of the parties' [positions]." The court found that Husband has substantially greater liquid financial resources than Wife, but it made no explicit findings as to the reasonableness of the parties' positions. The court awarded Wife "30% of her reasonable attorney's fees." Wife then requested $41,764.30 in fees, which was 30% of the fees she attested to incurring. Husband objected, arguing the amount requested was excessive and unreasonable. The court, without making findings, awarded Wife $30,000 in attorney fees.

**¶8**         Wife timely appealed the spousal maintenance order and the fee award. We have jurisdiction. *See* A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶9**         Wife argues that the superior court erred in its spousal maintenance order because it: (1) applied the post-2022 version of Section 25-319; (2) conflated eligibility for spousal maintenance under Section

25-319(A) with entitlement for spousal maintenance under Section 25-319(B); and (3) should have found Wife eligible for spousal maintenance because she was eligible under Section 25-319(A)(1), (A)(2), (A)(3), and (A)(5) (pre-2022 version). Wife also argues that the court erred by awarding her insufficient attorney fees.

**I. The court did not abuse its discretion by finding Wife ineligible for spousal maintenance.**

**¶10**        We review spousal maintenance awards for an abuse of discretion. *Helland v. Helland*, 236 Ariz. 197, 202, ¶ 22 (App. 2014). The superior court "abuses its discretion when it misapplies the law or predicates its decision on incorrect legal principles." *Hammett v. Hammett*, 247 Ariz. 556, 559, ¶ 13 (App. 2019) (cleaned up). We view the evidence in the light most favorable to upholding the court's order and will affirm if it is supported by reasonable evidence. *Cullum v. Cullum*, 215 Ariz. 352, 354, ¶ 9 (App. 2007).

**¶11**        To award spousal maintenance, the court must first determine if the spouse is eligible under Section 25-319(A). *In re Marriage of Cotter and Podhorez*, 245 Ariz. 82, 85, ¶ 7 (App. 2018). A spouse is eligible if the court finds the presence of at least one of the circumstances enumerated in Section 25-319(A). *Helland*, 236 Ariz. at 202, ¶ 24. If so, the court must consider the factors listed in Section 25-319(B) to determine whether the spouse is entitled to an award and the amount and duration of the award. *Cotter*, 245 Ariz. at 85, ¶ 7.

**A. The court did not abuse its discretion by applying the post-2022 version of Section 25-319.**

**¶12**        Wife argues the court abused its discretion by applying the post-2022 version of the statute. It is undisputed that the pre-2022 version of Section 25-319 applied here and that the court incorrectly applied the post-2022 version. But the parties also agree that the post-2022 version of subsection (A) is substantively identical to the pre-2022 version, and that the 2022 amendment merely reorganized subsection (A). *Compare* A.R.S. § 25-319(A) (pre-2022), *with* A.R.S. § 25-319(A) (post-2022) (separating the pre-2022 subsection (A)(2) into two circumstances, and moving the contributions for the other spouse's benefit circumstance from subsection (A)(3) to subsection (A)(4)).

**¶13**        Here, although the court referred to the incorrect subsection numbers in its eligibility analysis, it applied the substantively correct eligibility circumstances to find Wife ineligible for spousal maintenance.

And because the court stopped its analysis there, it did not misapply the law or predicate its decision on incorrect legal principles.

**B. The court analyzed the correct eligibility circumstances in Section 25-319(A) to find Wife ineligible; it did not conflate those eligibility circumstances with the Section 25-319(B) entitlement factors.**

¶14         Wife also argues that the court conflated the eligibility and entitlement determinations as evidenced by the court quoting the post-2022 version of subsection (B) to begin its subsection (A) eligibility analysis. The court noted that it "may award Spousal Maintenance . . . only for a period of time and in an amount necessary to enable the receiving Spouse to become self-sufficient." *See* A.R.S. § 25-319(B) (post-2022). Wife contends that the court erred by predicating its entire analysis on the self-sufficiency amount and duration limitation in subsection (B), and that the court's implicit rationale for finding Wife ineligible was that the court would have found that she was not entitled to spousal maintenance even if she was eligible.

¶15         Admittedly, it is unclear what the court's purpose was in quoting the subsection (B) entitlement amount and duration language. But after doing so, the court applied the correct subsection (A) eligibility circumstances without any improper references to the subsection (B) entitlement factors.  What is more, after finding Wife ineligible, the court noted that "Wife has focused on the factors in [Section] 25-319(B) and" that Husband earns more, "but this Court is not allowed to look at amount and duration where [it] does not find qualification." In other words, the court ended its analysis by clarifying that it consciously avoided making the exact error that Wife alleges on appeal. The court therefore did not conflate eligibility and entitlement.

**C. The court correctly found that Wife was not eligible for spousal maintenance under Section 319(A)(1) (pre-2022 version).**

¶16         A spouse is eligible for spousal maintenance if she shows that she "[l]acks sufficient property, including property apportioned to the spouse, to provide for that spouse's reasonable needs." A.R.S. § 25-319(A)(1) (pre-2022 version). "[S]ufficient property means property that, standing alone, can provide for a spouse's reasonable needs during his or her lifetime." *Cotter*, 245 Ariz. at 86, ¶ 10. The court need not make specific findings about the value of the property, the cost of the reasonable needs, or the term for which the property will provide for those

needs. *Id.* at 87, ¶ 12. "[W]e may assume the trial court employed the correct reasoning if the record would support its ultimate conclusion." *Id.*

**¶17** The superior court found that Wife will be able to invest the "roughly $1.5 million in assets." And even though some of the assets are "in a retirement account that Wife [cannot] access for several years," she has "more than sufficient income-producing property and liquid assets apportioned to her to provide for her reasonable needs." Wife argued the court abused its discretion by finding her ineligible on this ground without determining what her reasonable needs are, how much income the property produces, or how long it would take to convert the property into income-producing form. But such findings are not required. *See id.*

**¶18** The record supports that Wife's marital assets can provide for her reasonable needs. The vast majority of Wife's marital property is liquid assets that can be invested immediately to generate income. And even assuming Wife cannot realize income from the $325,679.00 in the retirement account for several years as she was 41 years old at the time of trial, that account's existence allows her to greater utilize the other assets in the meantime because some depletion of those assets will be offset by the retirement account's returns. The court could credit Husband's testimony that Wife's portion of the marital assets could generate $5,000 to $12,500 in monthly income without depleting the principal. The record also supports that Wife's reasonable monthly expenses are substantially less than the $14,720.73 per month she claims. Husband testified that immediately prior to the separation, the whole family lived off about $7,600 per month, and Wife only has the children half the time now. Therefore, the record supports the court's ultimate conclusion that Wife's marital property can provide for her reasonable needs.

### D. The court correctly found that Wife was not eligible for spousal maintenance under Section 319(A)(2) (pre-2022 version).

**¶19** A spouse is eligible for spousal maintenance if she shows that she "is unable to be self-sufficient through appropriate employment . . . or lacks earning ability in the labor market adequate to be self-sufficient." A.R.S. § 25-319(A)(2) (pre-2022 version).

**¶20** The superior court found that Wife's $6,500 gross monthly income from her current employment "is an adequate salary to be self-sufficient." Wife's income is not disputed. She argues that the court failed to make sufficient findings to support its conclusion that her $14,720.73 in monthly expenses were excessive. But again, specific findings

are not required because we may assume the court employed the correct reasoning if the record supports its ultimate conclusion. *Cotter*, 245 Ariz. at 87, ¶ 12.

**¶21**	She also argues that the court could not find that her purported monthly expenses were excessive because making such a finding would be conflating this eligibility circumstance with the subsection (B)(11) entitlement factor, which considers "[e]xcessive or abnormal expenditures." A.R.S. § 25-319(B)(11) (pre-2022 version). In determining whether a spouse's earning ability was adequate to be self-sufficient, courts are not forced to accept, as Wife argues, whatever amount the spouse claims for living expenses. Instead, "the receiving spouse's ability to earn income must be considered in light of some reasonable approximation of the standard of living established during the marriage." *Thomas v. Thomas*, 142 Ariz. 386, 391 (App. 1984).

**¶22**	Here, Wife's after-tax monthly income is about $5,000. As discussed, the record supports that the family of five's standard of living during the marriage was funded by about $7,600 per month. Now that Wife is on her own and has the children only half the time, the record reasonably supports that Wife's reasonable monthly living expenses are less than $5,000. And accordingly, her earning ability is adequate to be self-sufficient.

### E. The court correctly found that Wife was not eligible for spousal maintenance under Section 319(A)(3) and (5) (pre-2022 version).

**¶23**	A spouse is eligible for spousal maintenance if she shows that she "[h]as made a significant financial or other contribution to the education, training, vocational skills, career or earning ability of the other spouse," A.R.S. § 25-319(A)(3) (pre-2022 version), or she "[h]as significantly reduced [her] income or career opportunities for the benefit of the other spouse," A.R.S. § 25-319(A)(5) (pre-2022 version).

**¶24**	The superior court found that Wife did not meet her burden to prove this circumstance because "Wife did not testify that she could not attend school to get an advanced education because she was staying home with the children." Wife argues that because she stayed home to take care of the children and managed their rental properties, Husband was able to work longer hours and advance his career.

**¶25**	The record supports that by staying home with the children and not working outside the home or going back to college, she "significantly reduced her income or career opportunities." A.R.S. § 25-319(A)(5) (pre-2022 version). But it does not support that she did so "for

the benefit of [Husband]." *Id.* Wife did not re-enter the workforce because daycare "would cost almost as much" as her income. And later, when Husband encouraged Wife to finish her degree or go back to work, she opted not to. Thus, she did not leave the workforce so Husband could continue working; she did so because most of her income would have gone to daycare costs, and because she preferred to stay home. Based on the record evidence, the superior court could conclude that Wife's choice to reduce her income and career opportunities was out of her desire to stay home, and not for Husband's benefit. *See* A.R.S. § 25-319(A)(5) (pre-2022 version).

**¶26** The superior court could also conclude, based on the record evidence, that Wife did not make "a significant financial or other contribution to" Husband's "career or earning ability." A.R.S. § 25-319(A)(3) (pre-2022 version). Husband was already working at Deckers before the children were born. And the record supports that they could have afforded childcare had Wife opted to go back to work or college. So, Husband would have been able to continue in his career trajectory at Deckers whether or not Wife stayed home with the children. On this record, the court could conclude that Wife's choice to stay home was thus not a "significant" contribution to Husband's career within the meaning of Section 25-319(A)(3) (pre-2022 version). Therefore, the record supports the court's finding that Wife did not show she was eligible under Section (A)(3) or (A)(5) (pre-2022 version).

## II. The court's award of attorney fees was not an abuse of discretion.

**¶27** Wife challenges the superior court order granting her 30% of her attorney fees under Section 25-324(A) and the ultimate judgment awarding her less than 30% of her requested fees. We review the superior court's award of attorney fees under Section 25-324(A) for an abuse of discretion. *Myrick v. Maloney*, 235 Ariz. 491, 494, ¶ 6 (App. 2014).

**¶28** The court must consider "the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings," in determining whether to award "a reasonable amount" of attorney fees under Section 25-324(A). Absent a request from a party, the superior court has no obligation to make findings as to the reasonableness of the parties' positions and financial resources. *Goodell v. Goodell*, 257 Ariz. 563, 572, ¶¶ 41–42 (App. 2024).

**¶29** Wife argues that the court erred because it did not make a finding as to whether the party's positions were reasonable. Wife

acknowledges that "no specific findings are required under Section 25-324 unless requested," and that she did not request findings. She argues there must "be enough information for the reviewer to conclude that the court properly considered both factors." Here, the court stated that it "considered the reasonableness of the parties' [positions]." That is enough.

**¶30** Wife contends that the court abused its discretion by failing to explain the basis for awarding Wife less than 30% of the fees she requested. The court awarded Wife 30% of her reasonable attorney fees, not 30% of her requested attorney fees. Husband objected to Wife's application for fees, arguing the amount requested was excessive and unreasonable. The court had the discretion to find Wife's requested fees were excessive and to award her only what was reasonable. No findings were required to explain the amount of the fee award. *See Talking Rock Land, LLC v. Inscription Canyon Ranch, LP*, 257 Ariz. 267, 270, ¶¶ 9–10 (App. 2024). The court did not abuse its discretion.

### III. Attorney fees and costs on appeal.

**¶31** Wife requests her attorney fees on appeal under Section 25-324(A). After considering the financial resources of the parties and the reasonableness of their positions, we conclude that each party shall bear their own fees. But because Husband is the successful party on appeal, *see* A.R.S. § 12-341, we award him his taxable costs on appeal upon compliance with ARCAP 21.

### CONCLUSION

**¶32** We affirm.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**: JR